**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.R.**

**No. 22-0348** (Randolph County 21-JA-39)

**MEMORANDUM DECISION**

Petitioner Father C.R.[1] appeals the Circuit Court of Randolph County's April 5, 2022, order terminating his parental rights to D.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The DHHR filed its initial petition in May of 2021 and alleged that petitioner abused drugs, failed to provide the child[3] with adequate care, and exposed him to inappropriate people. The DHHR's allegations stemmed from petitioner's substance abuse and the child's lack of hygiene, developmental delays, and neglected education. The DHHR also alleged that one home in which the child resided was in deplorable condition, as it was unsanitary and structurally unsafe. During the DHHR's investigation, petitioner admitted to a "long history" of substance abuse, including recently having abused methamphetamine, and to permitting his mother to care for the child while he abused drugs, despite the fact that "[s]he has knowingly allowed multiple children to be sexually abused in her home." At the time the petition was filed, petitioner was incarcerated, though he was released shortly thereafter.

---

[1]Petitioner appears by counsel Gregory R. Tingler. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Heather M. Weese appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The proceedings below concerned an additional child, D.H., who is not petitioner's biological child. The court found at disposition that no legal rights to D.H. had been granted to petitioner. Accordingly, D.H. is not at issue in this memorandum decision.

Following the petition's filing, petitioner stipulated to neglecting the child by virtue of his drug use, failure to adequately care for the child, and exposure of the child to inappropriate individuals. The circuit court accepted this stipulation and adjudicated petitioner as an abusing and neglecting parent in July of 2021.

At the time of the final dispositional hearing in March of 2022, petitioner was again incarcerated, though he attended the hearing. During the hearing, the DHHR presented extensive evidence concerning disclosures from the child and another child who had been in the home but who is not at issue on appeal.[4] These disclosures included allegations of physical abuse and sexual abuse by petitioner. However, the DHHR never filed an amended petition in regard to these allegations or sought petitioner's adjudication upon them. In fact, the DHHR admitted during the hearing that it lacked "concrete information until more recently" and that the DHHR had "discussed previously whether it was appropriate to file an amended petition and felt like the information [the DHHR] was given was not detailed enough to do so." Instead of attempting to prove that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect upon which he was properly adjudicated, the DHHR instead argued to the court that "[t]he *sole* issue . . . before the [c]ourt today is . . . what is in the children's best interest." (Emphasis added).

The circuit court agreed with the DHHR's position and determined that petitioner was presently unwilling or unable to care for the child, although the only finding in support of this conclusion was that petitioner "presents today again incarcerated, *though the circumstances surrounding that incarceration are not currently clear.*" (Emphasis added). This was in spite of the fact that the court expressly found that petitioner "has done more, frankly, than most people in his situation—he has participated in the Call-To-Test [drug screen] program, maintained employment, and more recently, has had clean drug screens." The court noted that "[t]hose things are good and those things will continue to benefit [petitioner]; however, this case is not about what is in the best interest of [petitioner], but about what is in the best interest" of the child. The court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future "given the level of trauma the child[] ha[s] displayed and expressed." Ultimately, the court terminated petitioner's parental rights to the child.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that it was error to terminate his parental rights.[6] We agree that termination was in error, given that the

---

[4]*See supra* note 3.

[5]The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current foster home.

[6]Petitioner also argues that it was error to deny his motion for an improvement period. Because the matter is being remanded for the holding of a new dispositional hearing and

(continued . . . )

order essentially ignored the statutorily mandated findings required to terminate parental rights and, instead, focused almost entirely on the child's best interests. While it is true that the child's best interest is the "polar star by which the discretion of the court will be guided,"[7] the Legislature has made it expressly clear that parental rights may be terminated *only* "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." W. Va. Code § 49-4-604(c)(6). Further, "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." W. Va. Code § 49-4-604(d).

At disposition, the DHHR ignored its burden of proof as set forth by West Virginia Code § 49-4-604(c)(6) and, instead, argued that the *sole* issue was the child's best interest. While the child's best interest is undoubtedly an important consideration, this position is not in keeping with our prior direction. As we have explained

> [t]ermination of parental rights, the most restrictive alternative, is authorized only "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future, and when necessary for the welfare of the child." W.Va. Code § [49-4-604(c)(6)]. *The State must produce clear and convincing evidence to support this finding before the court may sever the custodial rights of the natural parents. State v. Carl B.*, [171] W. Va. [774], 301 S.E.2d 864 (1983); *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

*State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984) (emphasis added). In short, the DHHR failed to meet its burden of proof because it willfully chose not to submit evidence as to whether there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue in this case.

Further compounding the issue is the fact that the court made only one finding[8] in support of its conclusion that there was no reasonable likelihood that petitioner could

---

petitioner will be free to again move for an improvement period, it is unnecessary to address this argument on appeal.

[7]Syl. Pt. 3, in part, *In re S.W.*, 233 W. Va. 91, 755 S.E.2d 8 (2014) (citation omitted).

[8]In the dispositional order, the circuit court attempted to tie many of its findings to the conclusion that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. However, all of these findings spoke, instead, to the child's best interest. While this evidence may have supported the requirement that the court find that termination of petitioner's parental rights was necessary for the child's welfare, it does not speak to whether *petitioner* was capable of correcting the conditions of abuse and neglect at issue. It must further be noted that the DHHR's presentation of extensive testimony at disposition concerning disclosures from D.R. and another child in the home related to alleged sexual and

(continued . . . )

3

substantially correct the conditions of abuse and neglect; that petitioner was presently unwilling or unable to care for the children because he was incarcerated. Critically, the court also explicitly found that "the circumstances surrounding that incarceration are not currently clear." This runs afoul of this Court's prior direction concerning incarceration as it relates to the determination that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. As we explained,

> [w]hen no factors and circumstances *other than incarceration* are raised at a disposition hearing in a child abuse and neglect proceeding *with regard to a parent's ability to remedy the condition of abuse and neglect in the near future*, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3 (emphasis added). Because the court failed to perform the required analysis and, in fact, admitted that it did not have the information necessary to undertake the same, we find that termination of petitioner's parental rights was in error.

On appeal, the guardian urges this Court to interpret the circuit court's findings regarding the child's stated desire not to return to petitioner's care to constitute a basis for finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. According to the guardian, this is in keeping with West Virginia Code § 49-4-604(d)(5), which provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent . . . [has] repeatedly or seriously injured the child physically or emotionally, or ha[s] sexually abused or sexually exploited the child, and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems, or assist the abusing parent or parents in fulfilling their responsibilities to the child.

We reject this argument because the evidence does not support it. While the court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect "given the level of trauma the child[] ha[s] displayed and expressed," there is nothing in the record to support a finding that petitioner repeatedly or seriously injured the child or sexually

---

physical abuse by petitioner—two issues for which he was *not* adjudicated—has no bearing on whether petitioner would be able to correct the conditions of abuse and neglect for which he was adjudicated. Upon remand, if the DHHR wishes to base its argument that termination is proper because of these disclosures, it must first amend the petition and obtain an adjudication of petitioner upon clear and convincing evidence, as required by West Virginia Code § 49-4-601.

4

abused the child. Again, we stress that the vast majority of the evidence the DHHR admitted at disposition that formed the basis for the court's finding of trauma was related to issues for which petitioner was *not* adjudicated. As such, this evidence cannot appropriately form the basis of a finding that petitioner cannot correct the conditions for which he *was* properly adjudicated.

For the foregoing reasons, the April 5, 2022, dispositional order terminating petitioner's parental rights is vacated[9] and the matter is remanded with direction for the circuit court to hold a new dispositional hearing, during which the DHHR is required to present evidence in support of its burden of proving that there is no reasonable likelihood that petitioner can substantially correct the conditions of abuse and neglect for which petitioner was adjudicated, and for further proceedings consistent with the applicable statutes and rules. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have set this case for oral argument on the Rule 19 docket to thoroughly address the error alleged in this appeal. Having reviewed the appendix record and Petitioner's brief, as well as the issue raised therein, I

---

[9]*See* Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (requiring vacation of dispositional orders when "the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes . . . has been substantially disregarded or frustrated").

believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent. I am authorized to state that Justice Armstead joins me in this dissent.